# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED LEE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV00912 TCM |
| | ) | |
| KALA HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1032541), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $26.73. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $133.64, and an average monthly balance of $49.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.73, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Kala Harris (witness in plaintiff's criminal case); St. Louis Metropolitan Police Department; Nicole Patterson (police officer); and Richard Rauscher (police officer). The complaint seeks monetary relief.

Plaintiff alleges that defendant Harris, a witness in his state-court criminal action, lied to the police when she reported that plaintiff had molested her children. Plaintiff asserts that unnamed officers in the St. Louis Metropolitan Police Department interviewed him without reading him his Miranda Rights, and then subsequently arrested him with "no investigation or warrant and maliciously prosecuted." Plaintiff states that he did not get a fair trial because the depositions taken of the victims were

-3-

not used at trial, and he claims that defendant Patterson "lied about [his] name on the internet during trial."

**Discussion**

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). Plaintiff's complaint alleges that Kala Harris, a private actor, wrongfully accused him of sexually violating her children. To state a claim against a private actor like defendant Harris under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. Plaintiff has made no such allegations concerning defendant Harris. Accordingly, the claims against her are subject to dismissal.

The allegations against defendants Patterson and Rauscher are also subject to dismissal. The complaint is silent as to whether the defendant police officers are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community

College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Patterson and Rauscher.

Even if plaintiff had pursued the case against defendants Patterson and Rauscher in their individual capacities, the allegations would still be subject to dismissal. "[H]abeas corpus is the appropriate remedy for ... prisoners attacking the validity of the fact or length of their confinement." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Thus, to the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, perjury, ineffective assistance of counsel, or other grounds, his federal-court recourse is to file a habeas corpus action. See also Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("With respect to [defendant's § 1983 claims] ... a public defender does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). At the present time, plaintiff's allegations regarding his unlawful arrest, detention, and/or conviction are barred because he has shown no underlying invalidity of his criminal sentence. Heck v. Humphrey, 512 U.S. 477 (1994) (before recovering damages for allegedly unconstitutional conviction or imprisonment, plaintiff must prove that the decision has been reversed, expunged, or declared invalid by a state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus).

Finally, plaintiff's claims against the St. Louis Metropolitan Police Department are frivolous because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $26.73 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 13th Day of July, 2009.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE